IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FRANKLIN MARQ BLANKS,**

    **Plaintiff,**

    **vs.**                                                                                     **Civ. No. 12-440 JCH/ACT**

**HYPOWER, INC.,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Hypower Inc.'s Motion to Strike Jury Demand [Doc. No. 11] filed June 21, 2012 ("Motion"). The Plaintiff filed his Response [Doc. No. 15] on July 9, 2012 ("Response"), and the Defendant filed its Reply [Doc. No. 19] on July 23, 2012 ("Reply"). A Notice of Briefing Complete [Doc. No. 20] was filed on July 23, 2012. District Judge Judith C. Herrera filed an Order of Reference [Doc. No. 21] on July 27, 2012, referring this matter to the undersigned for disposition pursuant to 42 U.S.C. §636(b)(1)(A).[1]

The primary issue before the Court is whether the Court should allow Plaintiff to file a jury demand out of time. Because the Court, after a careful review of the record, does not see a

---

[1] Notwithstanding any provision of law to the contrary, a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. 28 U.S.C. § 636(b)(1)(A).

A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. Fed.R.Civ.P. 72(a).

strong and compelling reason to not grant a jury trial to the Plaintiff, the Court will exercise its discretion to allow the filing of Plaintiff's Jury Demand and deny Defendant's Motion to Strike.

## PROCEDURAL AND FACTUAL BACKGROUND

On March 9, 2012, Plaintiff filed his Complaint for Damages for Wrongful Termination and Retaliatory Discharge, Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing and Prima Facie Tort ("Complaint") in the Second Judicial District Court in the State of New Mexico. [Motion at 1; Response at 1.]  Plaintiff's Complaint did not contain a jury demand. [Id.]  Plaintiff's counsel states he directed his legal assistant to file a jury demand within ten days after Defendant provided its Answer in state court. [Response at 2; Response Ex. A at 1.]  On April 26, 2012, Defendant filed a Notice of Removal removing the action from the Second Judicial District Court to the United States District Court for the District of New Mexico. [Doc. No. 1.]  On May 1, 2012, Defendant filed its Answer in federal court. [Doc. No. 6.]

On May 7, 2012,  United States Magistrate Judge Alan C. Torgerson entered an Initial Scheduling Order [Doc. No. 7] setting a Rule 16 Initial Scheduling Conference for July 9, 2012. Pursuant to the Initial Scheduling Order, the parties were ordered "to 'meet and confer' no later than twenty-one (21) days prior to the initial scheduling conference to discuss the nature and basis of their claims and defenses, the possibility of a prompt resolution or settlement, and to formulate a provisional discovery plan." [Doc. No. 7 at 1].  The parties agree that on June 13, 2012, during their "meet and confer" conference, Plaintiff indicated to Defendant that this was a jury case. [Response at 2; Reply at 2.]  Defendant advised Plaintiff that "he did not remember seeing a jury demand being made in federal court." [Response at 2.] Plaintiff informed Defendant that he believed a jury demand had been filed, but if not Plaintiff intended to file a jury demand immediately. [Response at 3.] Defendant stated he did not know whether he would

object to the filing of a jury demand. [Id.]  Plaintiff realized a Jury Demand had not been filed and on June 14, 2012, Plaintiff filed a Jury Demand. [Id.]  Defendant's counsel declares he inadvertently failed to file a jury demand within fourteen days of the filing of the Answer due to the mistaken belief that he had instructed his legal assistant to do so. [Response at 2; Response Ex. A at 2.][2]

## RELEVANT LAW

A party may demand a jury trial by:

(1) serving the other parties with a written demand - which may be included in a pleading - no later than 10 days after the last pleading directed to the issue is served; and

(2) filing the demand in accordance with Rule 5(d).

Fed.R.Civ.P. 38. "[Rule] . . . 38(b) require[s] jury demands to be served within ten days after service of the 'last pleading directed to such issue.'"  *In re Kaiser Steel Corp.*, 911 F.2d 380, 388 (10th Cir. 1990) (*citing* Fed.R.Civ.P. 38(b)).  "The 'last pleading directed to such issue' will generally be an answer or a reply, if appropriate, and is determined on a claim by claim basis." *Id*. at 388 (*quoting E.R. Christenson v. Diversified Builders, Inc*., 331 F.2d 992, 994-95 (10th Cir. 1964)).

The Court may, upon a party's motion, order a jury trial where a party failed to make a timely jury demand.  Fed.R.Civ.P. 39(b).  The trial court has broad discretion in deciding whether to grant an untimely motion for a jury trial. *Paramount Picture Corporation v.*

---

[2]  The statements by counsel for the Plaintiff are confusing.  He initially said he instructed his "legal assistant to file a jury demand within ten days after the Defendant provided an Answer" (while this case was in state court).  He later claims he inadvertently failed to file a jury demand in federal court "due to the mistaken belief that I had instructed my legal assistant to file the jury demand."  It is not clear if counsel for the Defendant is blaming his legal assistant for failing to file a jury demand (a practice the Court does not condone), or if he is acknowledging that the failure is for not properly instructing his legal assistant.  In any event, the responsibility lies with counsel for the Plaintiff and he has acknowledged that he did not file a timely jury demand.

*Thompson Theatres, Inc.,* 621 F.2d 1088, 1090 (10th Cir. 1980) *(citing United States Fid. & Guar. Co. v. Lembke*, 328 F.2d 569, 573 (10th Cir. 1964)).  In the absence of abuse of this discretion, a judge's ruling in these circumstances is not to be disturbed.  *See Land v. Roper Corp.*, 531 F.2d 445, 450 (10th Cir. 1976) (*citing* Fed.R.Civ.P. 39(b)).  While "it would not be an abuse of discretion to deny relief pursuant to Rule 39(b) when the failure to make a timely jury demand results from nothing more than the mere inadvertence of the moving party," *Nissan Motor Corp. in U.S.A. v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992) (per curium), "[t]he constitutional right to a jury trial under the Seventh Amendment is a fundamental right and 'the federal policy favoring jury trials is of historic and continuing strength.'" *AMF Tuboscope, Inc. v. Cunningham*, 352 F.2d 150, 155 (10th Cir. 1965) (*quoting Simler v. Conner*, 372 U.S. 221, 222 91963)).  Consequently, "absent strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial."  *Nissan,* 982 F.2d at 409; *see AMF Tuboscope, Inc. v. Cunningham*, 352 F.2d at 155.

## ANALYSIS

The Court construes Plaintiff's untimely Jury Demand as a Rule 39(b) motion.  *Gilkey v. ADT Security, Inc.*, 2012 WL 1901287 (D.Kan. May 25, 2012) *(citing School-Link Technologies, Inc. v. Applied Resources, Inc.*, 471 F.Supp.2d 1101, 1120 (D.Kan. 2007)).

Defendant requests that the Court strike Plaintiff's Jury Demand and raises three arguments in support of its Motion.  The Defendant argues that (i) Plaintiff waived his right to a jury trial because he failed to file a timely jury demand pursuant to Rule 38(b); (ii) Plaintiff's

failure to file a timely jury demand is due to mere inadvertence; and (iii) Plaintiff failed to file a motion for leave to file a jury demand as required by Rule 39(b).[3]

In the instant case, Plaintiff admits that the jury demand was untimely because of his counsel's inadvertence. *Nissan* holds that it would not be an abuse of discretion to deny relief pursuant to Rule 39(b) when the failure to make a timely jury demand results from nothing more than the mere inadvertence of the moving party. *Nissan*, 982 F.2d at 409. However, *Nissan* further holds that there must be strong and compelling reasons for denying such a motion. *Id*. In *Nissan*, where Rule 39(b) relief was denied, the parties failed to request a jury at the outset of the case. *Id*. Then, after more than *two years* had passed, one of the parties sought a jury demand by filing an amended complaint which the court determined raised no new issues. *Id*. The only excuse offered by the parties for not filing a jury demand was their assumption that a jury had been requested given the nature of the case. *Id*. The Court in *Nissan* determined this amounted to nothing more than mere inadvertence and denied relief. *Id*.; *also see Dill v. City of Edmond*, 155 F.3d 1193, 1208 (10th Cir. 1998) (denying motion for jury demand where the jury demand was made a year a half after the original complaint and plaintiff offered no excuse for the untimely delay).

---

[3] The Court has construed Plaintiff's untimely Jury Demand as a Rule 39(b) motion thereby responding to Defendant's argument that Plaintiff failed to file a motion for leave to file a jury demand as required by Rule 39(b). However, the Court notes that Defendant first raised the issue of Plaintiff's failure to comply with Rule 39(b) in its Reply. The local rules that govern this Court, consistent with the federal rules, require every motion to "state with particularity the grounds" for seeking the order. D.N.M.LR-Civ. 7.1(a); Fed.R.Civ.P. 7(b)(1)(B). The local rules further require motions, responses, and replies to specifically "cite authority in support of the legal positions advanced." D.N.M.LR-Civ. 7.3(a). Thus, a motion that "states with particularity the grounds" on which they are based allow other parties to decide whether to oppose them, and, if they oppose them, to file thorough, researched responses. "[R]eply briefs reply to arguments made in the response brief - they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration." *Plant Oil Powered Diesel Fuel Systems, Inc. v. Exxonmobil Corp.*, 2012 WL 1132527 (D.N.M. March 22, 2012) (*quoting Pac. Gas & Elec. Co. v. United States*, 69 Fed. Cl. 784, 817 (Fed.Cl. 2006)).

Applying the Tenth's Circuit ruling in *Nissan*, district courts within the Tenth Circuit routinely grant untimely jury demands absent strong and compelling reasons for denying such a motion. *See Gilkey v. ADT Security, Inc.*, 2012 WL 1901287 (D.Kan. May 25, 2012) (granting plaintiff's request for a jury demand filed more than four months after it was due where discovery was ongoing, the final pretrial conference had not been held, there was no bad faith on the part of the plaintiff, there was no prejudice to the opposing party, and defendant failed to offer any compelling reason to deny a jury demand); *Bates v. New Mexico Corrections Dept.*, 2009 WL 4329609 (D.N.M. Nov. 18, 2009) (granting plaintiff leave to file an untimely jury demand where defendants were on notice that she was seeking a jury trial and where there was no evidence of prejudice to the defendants); *Bradford v. Cigna Group Insurance*, 2007 WL 1168872 (D.Utah April 18, 2007) (granting plaintiff's untimely jury demand where she requested a jury on the civil cover sheet, the untimely jury demand was made early in the case, and the plaintiff was an individual versus sophisticated defendants).

The facts in the instant case support granting Plaintiff leave to file an untimely jury demand. First, the time frame between the last day allowed under the rules to make a jury demand and the demand made is approximately one month. Second, Plaintiff put Defendant on notice that he was seeking a jury trial on June 13, 2012, well before any case management deadlines had been set or discovery had begun. Third, Plaintiff expressed to Defendant's counsel that he believed a jury demand had been filed and immediately filed a jury demand upon learning that one had not. Fourth, in removing this case to federal court, the *Defendant* in completing the Civil Cover Sheet checked "YES" that a jury had been requested. While this turned out not to be the case, it supports an argument that there had been no express waiver of a jury trial and suggests that Defendant was already proceeding in this case with the idea that it

would be presented to a jury.  Finally, the Defendant has not presented any strong or compelling reason for not granting Plaintiff leave to file an untimely jury demand nor has the Defendant presented any evidence to demonstrate in any way how it would be prejudiced by allowing Plaintiff to file a late jury demand.

## CONCLUSION

The Court finds that Plaintiff did not timely file his jury demand.  However, Rule 39 allows the Court discretion to grant an untimely jury demand.  Fed.R.Civ.P. 39(b).  The United States Court of Appeals for the Tenth Circuit instructs that the Court should exercise its discretion under rule 39(b) and grant a jury trial "absent strong and compelling reasons to the contrary."  *Nissan*, 982 F.2d at 409.  In this instance, the Court does not find any strong or compelling reason not to grant Plaintiff's request for a jury trial, and granting a jury trial will not prejudice the Defendant or disrupt the proceedings in this case.

**IT IS THEREFORE ORDERED** that Plaintiff is granted leave to file his Jury Demand and Defendant's Motion to Strike Plaintiff's Jury Demand is DENIED.

_____
**ALAN C. TORGERSON**
**United States Magistrate Judge**